IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BAILEY VORACHEK,
Plaintiff,

v.

Case No. 22–cv–2921–JPG

EDWARDSVILLE COMMUNITY UNIT
SCHOOL DISTRICT 7,
Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Edwardsville Community Unit School District 7 ("Defendant") Motion to Dismiss (Doc. 17) and Plaintiff Bailey Vorachek ("Plaintiff" or ("Vorachek") Motion to Amend or Correct the Complaint (Doc. 21). Defendant filed its motion to dismiss on February 8, 2023. On February 27, 2023, Plaintiff filed its motion to amend to "cure any perceived deficiencies." (Doc. 21 at ¶ 3). Defendant has not responded to Plaintiff's motion for leave and the time for doing so has expired.[1]

Plaintiff's Complaint alleges that she participated in a varsity golf program at Defendant's school district. Plaintiff's Complaint at ¶ 6. During her time in the golf program, Plaintiff suffered a back injury. *Id*. at ¶ 7. Plaintiff sought and received treatment from Defendant's athletic trainers and nursing staff, which included utilization of a TENS unit for pain. *Id*. at ¶¶ 8, 9. Plaintiff's

---

[1] Pursuant to the U.S. District Court Southern District of Illinois ("SDIL-LR"), all motions *other than* a motion to remand, judgment on the pleading, summary judgment, to suppress, and post-trial motions, shall have 14 days after service of the motion to file a written response. "Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(g). Therefore, any opposition or response to Plaintiff's motion was due March 13, 2023. Because no response in opposition has been filed, the Court considers a failure to oppose within the time periods in SDIL-LR as an admission of the merits of the motion.

complaint alleges battery and negligence from the application of the TENS unit, which resulted in burns to her back. *Id*. at ¶¶ 10, 13.

Defendant moved for summary judgment based on Federal Rule of Civil Procedure 12(b)(6) for a "failure to state a claim upon which relief can be granted" on two bases. Defendant alleged that Plaintiff did not adequately plead a medical battery case, which requires an allegation of "the unauthorized touching of the person of another." *Gaskin v. Goldwater*, 166 Ill. App. 3d 996, 1012, 520 N.E. 2d 1085, 1094 (4th Dist. 1988). Therefore, Defendant indicates Plaintiff fails to allege that she did not consent to the application of the TENS unit. Additionally, Defendant indicates Plaintiff failed to file an affidavit of merit pursuant to 735 ILCS 5/2-622, including an expert opinion. (Doc. 17 at ¶ 9). Defendant argues this affidavit is required for a Plaintiff to bring a medical battery claim on the basis that the treatment substantially varied from the consent given. *Id*. at ¶ 10.

Plaintiff's motion for leave attempts to cure both of these deficiencies cited by Defendant. Plaintiff indicates in her proposed amended complaint that because Plaintiff was a minor she was legally unable to consent to treatment. (Doc. 21-1 at ¶ 15). Additionally, Plaintiff states that even if Plaintiff gave consent, the treatment "substantially varied from the consent granted," she did not consent to "treatment that would cause severe burns on her body," and that she was not given "informed consent indicating that severe burns were a known complication." *Id*. at ¶ 16. Additionally, Plaintiff indicates an amended affidavit of merit pursuant to 735 ILCS 5/2-622.

In general, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "There is a presumption that a plaintiff should have an opportunity to test a claim on the merits," *Lee v. N.E. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d

1049, 1052 (7th Cir. 2019), so "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2).

Here, because Defendant has admitted to Plaintiff's attempt to cure the deficiencies in her initial complaint by not opposing the motion, and the law's directive that the court should freely give leave, the Court will grant Plaintiff's Motion for Leave to File its Amended Complaint.

The Court hereby **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 21).  Plaintiff is **ORDERED** to file its Amended Complaint within 7 days entry of this Order. The Court **FINDS AS MOOT** Defendant's Motion to Dismiss (Doc. 17).

**IT IS SO ORDERED.**
**DATED:  March 22, 2023**

                    **/s/ J. Phil Gilbert**
                    **J. PHIL GILBERT**
                    **U.S. DISTRICT JUDGE**